# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

Joseph Anthony Roberson,

       Petitioner,                  **Civil File No: 13-cv-2100 (JNE/SER)**

v.

State of Minnesota,

       Respondent.                **REPORT AND RECOMMENDATION**

---

Joseph Anthony Roberson, *Pro Se*, No. 234100, MCF-Red Wing, 1079 Highway 292, Red Wing, Minnesota 55066.

Jean E. Burdorf and Lee W. Barry, III, Esqs., Hennepin County Attorney's Office, 300 S. 6th Street, Suite A-2000, Minneapolis, Minnesota 55487, for Respondent.

Matthew Frank and James B. Early, Esqs., Minnesota Attorney General's Office, 445 Minnesota Street, Suite 1800, Saint Paul, Minnesota 55101, for Respondent.

---

STEVEN E. RAU, United States Magistrate Judge

This matter is before the undersigned on Petitioner Joseph Anthony Roberson's ("Roberson") Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition") [Doc. No. 1] and Respondent the State of Minnesota's (the "State") Motion to Dismiss as Procedurally Barred ("Motion to Dismiss") [Doc. No. 30]. The case has been referred to the Court for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and District of Minnesota Local Rule 72.1. For the reasons discussed below, the Court recommends that Roberson's Petition be denied and the State's Motion to Dismiss be granted.

**I.      BACKGROUND**

Roberson filed his Petition on August 2, 2013. (Pet.). Upon review of the Petition, the Court became aware that Roberson had filed a post-conviction motion in state trial court. (Order Dated Aug. 29, 2013, "Aug. Order" or "August Order") [Doc. No. 26 at 1–2].[1] The Court further noted in the August Order that, "[n]othing in [Roberson]'s submissions suggests . . . that the claims raised in his post-conviction motions . . . [have] been adjudicated by any state court." (Aug. Order at 2). The Court then explained that "[i]f any of [Roberson]'s current habeas corpus claims has not yet been adjudicated on the merits in the Minnesota state courts, (including the Minnesota Supreme Court), then this action will undoubtedly have to be summarily dismissed without reaching the merits of [Roberson]'s claims." (*Id.* at 3). The Court, in turn, directed the State, if it "maintains that this action must be summarily dismissed due to 'non-exhaustion,' . . . [to] file a motion to dismiss, in lieu of a more complete answer addressing [Roberson]'s claims on the merits" within thirty days after the date of the directive. (*Id.* at 3, 4). The Court advised Roberson that he would have the opportunity to file a reply to the State's answer or motion to dismiss within thirty days after the filing date of the answer or motion to dismiss. (*Id.* at 3).

In response to the August Order, the State filed its Motion to Dismiss, arguing that Roberson's Petition should be denied because of his failure to exhaust all state court remedies prior to seeking a federal writ of habeas corpus. (Mot. to Dismiss) [Doc. No. 30 at 3]. The State

---

[1]     Prior to the August Order, Roberson filed multiple submissions with the Court. *See, e.g.*, (Pet'r's Am. Writ of Habeas Corpus App. Br.) [Doc. No. 16]; (Notice of Am. Pet. and Am. Pet. to Proceed In Forma Pauperis on "Writ of Habeas Corpus" Pursuant to "Title 28, U.S.C. 2254 (a), (b)(1)(B)(i), (ii), (d)(1)(2), (f)) [Doc. No. 7]; (Notice of Req. & Req. to Am. Pet. for Writ of Habeas Corpus & Am. Pet. for Writ of Habeas Corpus) [Doc. No. 6]. Given the Court's finding that Roberson's Petition is procedurally barred, however, the Court does not address these submissions.

argues that, as of the filing date of Roberson's Motion to Dismiss, no state court had ruled on Roberson's petition for post-conviction relief. (*Id.*). Roberson failed to file a reply to the State's Motion to Dismiss.[2]

Since Roberson filed his Motion to Dismiss, Hennepin County District Court Judge Regina Chu denied Roberson's petition for post-conviction relief. Register of Actions, *State v. Roberson,* Case No. 27-CR-10-21639 (Minn. Dist. Ct.). Roberson has filed an appeal of that denial to the Minnesota Court of Appeals. *Id.* The Minnesota Court of Appeals has not yet issued a decision.

## II. DISCUSSION

A federal district court may entertain a state prisoner's application for a writ of habeas corpus only when the petitioner has exhausted the available state court remedies. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Gill v. Swanson*, Civil No. 07-4555 (JMR/AJB), 2008 WL 4371378, at *2 (D. Minn. Sept. 22, 2008). The exhaustion requirement has been summarized as follows:

> Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies . . . , thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights. To provide the State with the necessary opportunity, the prisoner must fairly present his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim.

---

[2] Following the August Order, Roberson filed a handwritten letter, informing the Court of his change of address and seeking an injunction against "Employees of MCF-Faribault, Law Librarian Coreeu Neumann" to prevent them from limiting Roberson's physical access to the Law Library. (Notice of Change of Address and Change of Address; and Notice of Req. for an "Inj." to "Prevent Obstruction of Legal Process,["] Legal Research and Legal Preparation of Doc. for Ct. Filing, "Letter") [Doc. No. 31 at 2–3]. However, the Letter did not address the merits of the State's Motion to Dismiss. (*See id.*).

*Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal citations and quotations omitted). Accordingly, to exhaust his or her state court remedies, a petitioner must fairly present his or her constitutional claims to the highest available state court before seeking relief in federal court. *O'Sullivan*, 526 U.S. at 845–46. Ultimately, "[w]hen a state court remedy is available for a state prisoner's unexhausted claim, the federal habeas court must defer action until the claim is exhausted, either by dismissing the federal petition without prejudice or by using the 'stay and abeyance' procedure . . . ." *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005).

Here, Roberson raises six grounds for relief in his Petition. (Pet. at xi).[3] Roberson failed to raise any of these six grounds for relief in his direct appeal following his conviction and sentence. *See State v. Roberson*, No. A11-679, 2012 WL 1149336 (Minn. Ct. App. Apr. 9, 2012). Roberson, moreover, apparently raises these same six grounds for relief in his petition for post-conviction relief, still pending with the Minnesota Court of Appeals. (Mot. to Dismiss at 2). Roberson is still actively engaged in the process of exhausting his available state court remedies, leaving the Court with no state court decision to review. *See O'Sullivan*, 526 U.S. at 845 ("[B]efore [federal constitutional] claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."). Roberson's claims, therefore, are unexhausted, and the Court now recommends that the Petition be denied. 28 U.S.C. § 2254(b), (c); *Armstrong*, 418 F.3d at 926.

---

[3] The Court cites to the Petition's original pagination.

## III.     RECOMMENDATION

Based upon the above, and upon all the records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Petitioner Joseph Anthony Roberson's Petition for a Writ of Habeas Corpus [Doc. No. 1] be **DENIED**;

2. Respondent the State of Minnesota's Motion to Dismiss as Procedurally Barred [Doc. No. 30] be **GRANTED**; and

3. This action be summarily **DISMISSED WITHOUT PREJUDICE**.

Dated: January 31, 2014

                                            *s/ Steven E. Rau*
                                            STEVEN E. RAU
                                            United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **February 14, 2014**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.